Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
650 College Road East, Suite 4000
Princeton, New Jersey 08540
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs*
*Takeda Pharmaceuticals U.S.A., Inc. and*
*ViroPharma Biologics LLC*

OF COUNSEL:
F. Dominic Cerrito
Angus Chen
Andrew Chalson
Catherine Mattes
Elizabeth Murphy
Carly Fein
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TAKEDA PHARMACEUTICALS U.S.A., INC. and VIROPHARMA BIOLOGICS LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>ZYDUS PHARMACEUTICALS (USA) INC. and ZYDUS LIFESCIENCES LTD.,<br><br>*Defendants*. | Civil Action No. ________________<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>(Filed Electronically) |

Plaintiffs Takeda Pharmaceuticals U.S.A., Inc. ("TPUSA") and ViroPharma Biologics LLC ("ViroPharma") (collectively, "Plaintiffs" or "Takeda"), by their attorneys, for their complaint against Zydus Pharmaceuticals (USA) Inc. and Zydus Lifesciences Ltd**.** (collectively, "Defendants" or "Zydus"), allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of United States Patent Nos. 11,260,064 (the "'064 patent") and 11,564,934 (the "'934 patent") (collectively, the "Patents-in- Suit") under the patent laws of the United States, 35 U.S.C. §100, *et seq.* This action arises from Zydus's submission of Abbreviated New Drug Application ("ANDA") No. 221618 ("Zydus's ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to manufacture, use, import, distribute, offer to sell, and/or sell a generic version of Plaintiffs' EOHILIA® drug product prior to the expiration of the Patents-in-Suit.

## THE PARTIES

2. TPUSA is a corporation organized and existing under the laws of the State of Delaware, having an office and place of business at 500 Kendall Street, Cambridge, Massachusetts 02142.

3. ViroPharma is a corporation organized and existing under the laws of the State of Delaware, having an office and place of business at 300 Shire Way, Lexington, Massachusetts 02421.

4. On information and belief, Zydus Pharmaceuticals (USA) Inc. is a corporation organized and existing under the laws of New Jersey, having a principal place of business at 73 Route 31 North, Pennington, New Jersey, 08534.

5. On information and belief, Zydus Lifesciences Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar) Nr. Vaishnodevi Circle, S.G. Highway, Ahmedabad 382 481, India.

## THE PATENTS-IN-SUIT

6. On March 1, 2022, the United States Patent and Trademark Office duly and lawfully issued the ’064 patent, entitled “Stable Corticosteroid Compositions” to ViroPharma as assignee of inventor Ramalingeswar Kasina. A copy of the ’064 patent is attached as **Exhibit A**.

7. On January 31, 2023, the United States Patent and Trademark Office duly and lawfully issued the ’934 patent, entitled “Stable Corticosteroid Compositions” to ViroPharma as assignee of inventor Ramalingeswar Kasina. A copy of the ’934 patent is attached as **Exhibit B**.

## THE EOHILIA® DRUG PRODUCT

8. TPUSA holds approved New Drug Application No. 213976 for budesonide suspension for oral use, which is prescribed and sold under the trademark EOHILIA®. EOHILIA® is a corticosteroid indicated for 12 weeks of treatment in adult and pediatric patients 11 years of age and older with eosinophilic esophagitis.

9. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the Patents-in-Suit are listed in the FDA publication “Approved Drug Products with Therapeutic Equivalence Evaluations” (the “Orange Book”), with respect to EOHILIA®.

10. The claims of the ’064 patent cover, *inter alia*, pharmaceutical compositions comprising budesonide for oral administration. The claims of the ’934 patent cover, *inter alia*, methods of treating or alleviating the symptoms and inflammation associated with eosinophilic esophagitis comprising the administration of pharmaceutical compositions comprising budesonide.

11. The FDA-approved labeling for EOHILIA® instructs and encourages physicians, pharmacists, other healthcare workers, and patients to orally administer EOHILIA® for 12 weeks

of treatment in adult and pediatric patients 11 years of age and older with eosinophilic esophagitis.

**JURISDICTION AND VENUE**

12. This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq*., and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

13. On information and belief, Zydus is in the business of, among other things, developing, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District. Zydus's website states that Zydus is "a leading generic pharmaceutical company in the US."[1] Zydus's website further states that "[t]he company currently offers more than 500 SKUs to the US market."[2]

14. On information and belief, Zydus Pharmaceuticals (USA) Inc. and Zydus Lifesciences Ltd. work in privity and/or concert either directly or indirectly through one or more of their wholly owned subsidiaries with respect to the regulatory approval, manufacturing, use, importation, marketing, offer for sale, sale, and distribution of generic pharmaceutical products throughout the United States, including in this Judicial District. On information and belief, Zydus Lifesciences Ltd. manufactures generic pharmaceutical products for Zydus

[1] "Dedicated to Life," *available at* https://zydususa.com/ (last visited September 30, 2026).

[2] "Overview," *available at* https://zydususa.com/overview/ (last visited September 30, 2026).

Pharmaceuticals (USA) Inc., which Zydus Pharmaceuticals (USA) Inc. sells and/or distributes for sale throughout the United States, including in this Judicial District.

15. On information and belief, Zydus Pharmaceuticals (USA) Inc. and Zydus Lifesciences Ltd. work in privity and/or concert either directly or indirectly through one or more of their wholly owned subsidiaries with respect to preparing and/or aiding in the preparation and submission of ANDAs to the FDA, including Zydus's ANDA. FDA's Orange Book identifies "ZYDUS PHARMACEUTICALS USA INC" as the holder of an ANDA for nearly six hundred generic prescription products and "ZYDUS LIFESCIENCES LTD" as the holder of an ANDA for more than one hundred generic prescription products. On information and belief, Zydus Pharmaceuticals (USA) Inc. is the ANDA holder for generic pharmaceutical products that Zydus Lifesciences Ltd. manufactures for sale and/or distribution by Zydus Pharmaceuticals (USA) Inc. throughout the United States, including in this Judicial District.

16. On information and belief, Zydus Pharmaceuticals (USA) Inc. and Zydus Lifesciences Ltd. act, operate, and/or hold themselves out to the public as a single integrated business.

17. On information and belief, Zydus Pharmaceuticals (USA) Inc. acts at the direction, and for the benefit, of Zydus Lifesciences Ltd. and is controlled and/or dominated by Zydus Lifesciences Ltd. Zydus's website states that "Zydus Pharmaceuticals (USA) Inc. is the US generic drug division of a much larger company known as Zydus Lifesciences. Zydus Lifesciences is a global, fully integrated pharmaceutical company with a presence in 50 countries and is committed to growing its presence around the world and in the United States."[3]

---

[3] *See, e.g.*, "Providing outstanding service & high-quality, affordable generics," *available at* https://zydususa.com/ (last visited September 30, 2026); *see also* "Overview," *available at* https://zydususa.com/overview/ (last visited September 30, 2026) ("Zydus Lifesciences Limited,

18. On information and belief, Zydus derives substantial revenue, directly or indirectly, from selling generic pharmaceutical products throughout the United States, including in this Judicial District. Zydus's website states that, "[a]s a leading generic pharmaceutical company in the US, Zydus Pharmaceuticals offers a wide variety of FDA approved medications that may help patients treat and manage disease, fight infection, and improve overall health and wellness."[4] Zydus's Integrated Annual Report (2025-26) states that, as of March 2026, Zydus is the third-largest generic company in the US in terms of prescription volume, having moved up from fifth- to third-largest in the rankings over the previous four years.[5] Moreover, Zydus's annual report discloses that, with regard to its generic products business, "[d]uring FY2025-26, the Company's total prescriptions (TRx) grew by 7% compared to the previous year."[6] Zydus's Integrated Annual Report (2025-26) includes Zydus Pharmaceuticals (USA) Inc. in its consolidated financial statement and identifies Zydus Pharmaceuticals (USA) Inc. as a material subsidiary of Zydus Lifesciences Ltd.[7]

---

the parent company of Zydus Pharmaceuticals, is a fully integrated, global healthcare provider located in Ahmedabad, India.").

4 "Dedicated to Life," *available at* https://zydususa.com/ (last visited September 30, 2026).

5 Zydus Lifesciences Ltd. Integrated Annual Report (2025-26) at 11, 178, *available at* https://www.zyduslife.com/investor/admin/uploads/14/2/2025-2026.pdf (last visited September 30, 2026).

6 *Id.* at 178.

7 *Id.* at 191.

19. On information and belief, each of Zydus Lifesciences Ltd. and Zydus Pharmaceuticals (USA) Inc. actively participated in the submission of Zydus's ANDA. On information and belief, Zydus Lifesciences Ltd. and Zydus Pharmaceuticals (USA) Inc. will work in privity and/or concert with one another and/or other related entities towards the regulatory approval, manufacturing, use, importation, marketing, offer for sale, sale, and distribution of generic pharmaceutical products, including those described in Zydus's ANDA, throughout the United States, including in New Jersey and in this Judicial District, prior to the expiration of the Patents-in-Suit.

20. On information and belief, Zydus intends to benefit directly if Zydus's ANDA is approved by participating in the manufacture, importation, distribution, and/or sale of the generic drug products that are the subject of Zydus's ANDA.

21. On information and belief, this Judicial District is a likely destination for the generic drug products described in Zydus's ANDA.

22. This Court has personal jurisdiction over Zydus Lifesciences Ltd. because, *inter alia*, it: (1) has purposefully availed itself of the privilege of doing business in the State of New Jersey, including directly or indirectly through its subsidiaries, agents, and/or alter egos, including Zydus Pharmaceuticals (USA) Inc. a company with a regular and established place of business in New Jersey; and (2) maintains extensive and systematic contacts with the State of New Jersey, including through the marketing, distribution, and/or sale of generic pharmaceutical drugs in New Jersey including through, directly or indirectly, Zydus Pharmaceuticals (USA) Inc.

23. In the alternative, this Court has personal jurisdiction over Zydus Lifesciences Ltd. because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met, as (a) Plaintiffs' claims arise under federal law; (b) Zydus Lifesciences Ltd. is a foreign defendant

not subject to general personal jurisdiction in the courts of any state; and (c) Zydus Lifesciences Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting an ANDA to the FDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Zydus Lifesciences Ltd. satisfies due process.

24. This Court has personal jurisdiction over Zydus Pharmaceuticals (USA) Inc. by virtue of, *inter alia*, its systematic and continuous contacts with the State of New Jersey. On information and belief, Zydus Pharmaceuticals (USA) Inc. maintains a regular and established, physical places of business at 73 Route 31 North, Pennington, New Jersey, 08534. On information and belief, Zydus Pharmaceuticals (USA) Inc. is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey with Business ID No. 0100915422. On information and belief, Zydus Pharmaceuticals (USA) Inc. is registered with the State of New Jersey's Department of Health as a drug manufacturer and wholesaler under Registration No. 5003171. By virtue of its physical presence in New Jersey, this Court has personal jurisdiction over Zydus Pharmaceuticals (USA) Inc. On information and belief, Zydus Pharmaceuticals (USA) Inc. purposefully has conducted and continues to conduct business in this Judicial District.

25. This Court also has personal jurisdiction over Zydus Lifesciences Ltd. and Zydus Pharmaceuticals (USA) Inc. because, *inter alia*, they have committed an act of patent infringement under 35 U.S.C. § 271(e)(2). On information and belief, Zydus Lifesciences Ltd. and Zydus Pharmaceuticals (USA) Inc. intend a future course of conduct that includes acts of patent infringement in New Jersey. These acts have led and will continue to lead to foreseeable harm and injury to Plaintiffs in New Jersey and in this Judicial District.

26. On information and belief, Zydus Lifesciences Ltd. and Zydus Pharmaceuticals (USA) Inc. have previously invoked, stipulated, and/or consented to personal jurisdiction in this Judicial District in numerous prior patent cases.

27. Zydus Lifesciences Ltd. and Zydus Pharmaceuticals (USA) Inc. have previously been sued in this Judicial District, have not challenged personal jurisdiction in New Jersey, and have availed themselves of the legal protections of courts within this Judicial District through the assertion of counterclaims in suits brought in this Judicial District. *See, e.g.*, *Chemocentryx, Inc. v. Zydus Pharms. (USA) Inc., et al.*, No. 26-556 (D.N.J.); *AstraZeneca Pharms. LP v. Zydus Pharms. (USA) Inc., et al.*, No. 24-10629 (D.N.J.); *Jazz Pharms. Ireland Ltd. v. Sandoz Inc. et al.*, No. 24-09110 (D.N.J.); *Genentech, Inc. v. Natco Pharma Ltd., et al.*, No. 24-10567 (D.N.J.); *Supernus Pharms., Inc. v. Zydus Lifesciences Global FZE, et al.*, 25-12188 (D.N.J.).

28. Zydus Pharmaceuticals (USA) Inc. has further availed itself of the jurisdiction of this Court by initiating litigation in this Judicial District. *See, e.g.*, *Zydus Pharms. (USA) Inc. v. Novartis Pharms. Corp., et al.*, No. 19-21259 (D.N.J.); *Zydus Pharms. (USA) Inc. et al. v. Gilead Sciences, Inc.*, No. 14-07080 (D.N.J.); *Zydus Pharms. (USA) Inc. v. Eli Lilly and Co.*, No. 10-05584 (D.N.J.).

29. Venue is proper in this Judicial District pursuant to U.S.C. §§ 1391 and/or 1400(b).

## ACTS GIVING RISE TO THIS SUIT

30. Pursuant to Section 505 of the Federal Food, Drug, and Cosmetics Act ("FD&C Act"), Zydus submitted Zydus's ANDA seeking approval to engage in the commercial manufacture, use, sale, or offer for sale in, or importation into, the United States of budesonide oral suspension, 2 mg/10 mL ("Zydus's ANDA Product") before expiration of the Patents-in-Suit.

31. On information and belief, following any FDA approval of Zydus's ANDA, Zydus will make, use, offer for sale, or sell Zydus's ANDA Product throughout the United States, or import such generic products into the United States.

32. On information and belief, in connection with the submission of Zydus's ANDA as described above, Zydus provided written certification to the FDA pursuant to Section 505 of the FD&C Act and 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV Certification"), alleging that the claims of the Patents-in-Suit are invalid and/or will not be infringed by the activities described in Zydus's ANDA.

33. By letter dated August 18, 2026, Zydus purported to provide notice pursuant to Section 505(j)(2)(B)(iv) of the FD&C Act and 21 C.F.R. § 314.95 to Takeda Pharmaceuticals U.S.A., Inc. and ViroPharma Biologics LLC ("Zydus's Notice Letter") that Zydus had submitted its ANDA to the FDA with a Paragraph IV Certification, seeking approval to commercially manufacture, use, sell, offer for sale, or import Zydus's ANDA Product before expiration of the Patents-in-Suit.

34. Zydus's ANDA Product is intended to be a generic version of EOHILIA®.

35. Exhibit A to Zydus's Notice Letter purports to provide, pursuant to Section 505(j)(2)(B)(iv) of the FD&C Act and 21 C.F.R. § 314.95(c)(7), a detailed statement of the factual and legal bases for its Paragraph IV Certification.

36. This action is being commenced before the expiration of 45 days from the date of Zydus's Notice Letter.

**COUNT I**
**Infringement of U.S. Patent No. 11,260,064**

37. Plaintiffs repeat and reallege the preceding paragraphs above as if fully set forth herein.

38. Zydus's submission of ANDA No. 221618 for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Zydus's ANDA Product before the expiration of the '064 patent constitutes infringement under 35 U.S.C. § 271(e)(2)(A).

39. There is a justiciable controversy between the parties hereto as to infringement of the '064 patent.

40. On information and belief, following FDA approval, Zydus intends to provide labeling with Zydus's ANDA Product that instructs and encourages infringement, literally or under the doctrine of equivalents, of one or more claims of the '064 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

41. For example, claim 1 of the '064 patent recites:

> A pharmaceutical composition comprising budesonide, an antioxidant in an amount of from about 0.05% to about 0.5% w/w of the composition, wherein the antioxidant comprises a combination of ascorbic acid and a pharmaceutically acceptable salt of ascorbate, and a flavoring agent, a sweetener, or a combination thereof, wherein the pharmaceutical composition comprises less than 0.3% impurities formed by oxidative degradation, and wherein the pharmaceutical composition is for oral administration.

42. On information and belief, Zydus's ANDA Product meets each element of claim 1 of the '064 patent, literally or under the doctrine of equivalents.

43. On information and belief, upon FDA approval of Zydus's ANDA, the labeling for Zydus's ANDA Product will instruct and encourage physicians, pharmacists, other healthcare workers, and patients to directly infringe one or more claims of the '064 patent under 35 U.S.C. § 271(a).

44. Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will infringe one or more claims of the '064 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Zydus's ANDA Product in or for the United States.

45. Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will induce infringement of one or more claims of the '064 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Zydus's ANDA Product in or for the United States. On information and belief, upon FDA approval of Zydus's ANDA, Zydus will intentionally encourage acts of direct infringement with knowledge of the '064 patent and knowledge that its acts are encouraging infringement.

46. Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will contributorily infringe one or more claims of the '064 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Zydus's ANDA Product in or for the United States. On information and belief, Zydus has had and continues to have knowledge that Zydus's ANDA Product is especially adapted for a use that infringes one or more claims of the '064 patent and that there is no substantial non-infringing use for Zydus's ANDA Product.

47. Zydus has had knowledge of the '064 patent since at least the date of Zydus's NDA submission.

48. Plaintiffs will be substantially and irreparably harmed if Zydus's infringement of the '064 patent is not enjoined. Plaintiffs do not have an adequate remedy at law.

49. This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

**COUNT II**
**Infringement of U.S. Patent No. 11,564,934**

50. Plaintiffs repeat and reallege the preceding paragraphs above as if fully set forth herein.

51. Zydus's submission of ANDA No. 221618 for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Zydus's ANDA Product before the expiration of the '934 patent constitutes infringement under 35 U.S.C. § 271(e)(2)(A).

52. There is a justiciable controversy between the parties hereto as to infringement of the '934 patent.

53. On information and belief, following FDA approval, Zydus intends to provide labeling with Zydus's ANDA Product that instructs and encourages infringement, literally or under the doctrine of equivalents, of one or more claims of the '934 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

54. For example, claim 1 of the '934 patent recites:

> A method of treating, or alleviating the symptoms of and inflammation associated with eosinophilic esophagitis in a subject in need thereof comprising administering to the subject a pharmaceutical composition comprising budesonide, and an antioxidant in an amount of from about 0.05% to about 0.5% w/w of the composition, wherein the antioxidant comprises a combination of ascorbic acid and a pharmaceutically acceptable salt of ascorbate, wherein the pharmaceutical composition comprises less than 0.3% impurities formed by oxidative degradation.

55. On information and belief, Zydus's ANDA Product meets each element of claim 1 of the '934 patent, literally or under the doctrine of equivalents.

56. On information and belief, upon FDA approval of Zydus's ANDA, the labeling for Zydus's ANDA Product will instruct and encourage physicians, pharmacists, other healthcare workers, and patients to directly infringe one or more claims of the '934 patent under 35 U.S.C. § 271(a).

57. Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will induce infringement of one or more claims of the '934 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Zydus's ANDA Product in or for the United States. On information and belief, upon FDA approval of Zydus's ANDA, Zydus will intentionally encourage acts of direct infringement with knowledge of the '934 patent and knowledge that its acts are encouraging infringement.

58. Unless enjoined by this Court, upon FDA approval of Zydus's ANDA, Zydus will contributorily infringe one or more claims of the '934 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Zydus's ANDA Product in or for the United States. On information and belief, Zydus has had and continues to have knowledge that Zydus's ANDA Product is especially adapted for a use that infringes one or more claims of the '934 patent and that there is no substantial non-infringing use for Zydus's ANDA Product.

59. Zydus has had knowledge of the '934 patent since at least the date of Zydus's NDA submission.

60. Plaintiffs will be substantially and irreparably harmed if Zydus's infringement of the '934 patent is not enjoined. Plaintiffs do not have an adequate remedy at law.

61. This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A Judgment that Zydus has infringed one or more claims of the '064 patent by submitting ANDA No. 221618;

B. A Judgment that Zydus has infringed one or more claims of the '934 patent by submitting ANDA No. 221618;

C. A Judgment that Zydus has infringed, and that its making, using, selling, offering to sell, or importing Zydus's ANDA Product would constitute infringement of, one or more claims of the '064 patent, and/or induce or contribute to infringement of one or more claims of the '064 patent, pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

D. A Judgment that Zydus has infringed, and that its making, using, selling, offering to sell, or importing Zydus's ANDA Product would induce or contribute to infringement of, one or more claims of the '934 patent, pursuant to 35 U.S.C. §§ 271(b) and/or (c);

E. A preliminary and permanent injunction restraining and enjoining Zydus and its officers, agents, attorneys, and employees, and those acting in privity and/or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of Zydus's ANDA Product until after the expiration of the Patents-in-Suit, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

F. A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Zydus and its officers, agents, attorneys, and employees, and those acting in privity and/or concert with them, from inducing or contributing to the infringement of any claim

of the Patents-in-Suit, until after the expiration of the Patents-in-Suit, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

G. An Order that the effective date of any approval of ANDA No. 221618 relating to Zydus's ANDA Product is a date that is not earlier than the later of the expiration of the Patents-in-Suit, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

H. To the extent that Zydus committed any acts with respect to the compositions and/or methods claimed in the Patents-in-Suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a Judgment awarding Plaintiffs damages for such acts;

I. If Zydus engage(s) in the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Zydus's ANDA Products prior to the expiration of the Patents-in-Suit, a Judgment awarding damages to Plaintiffs resulting from such infringement, together with interest;

J. A Judgment declaring that the '064 and the '934 patents remain valid;

K. A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Plaintiffs their attorneys' fees incurred in this action;

L. A Judgment awarding Plaintiffs their costs and expenses incurred in this action; and

M. Any such other and further relief as the Court may deem just and proper.

Dated: September 30, 2026

By: s/ Charles M. Lizza

Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
650 College Road East, Suite 4000
Princeton, New Jersey 08540
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs Takeda Pharmaceuticals U.S.A., Inc. and ViroPharma Biologics LLC*

OF COUNSEL:

F. Dominic Cerrito
Angus Chen
Andrew Chalson
Catherine Mattes
Elizabeth Murphy
Carly Fein
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016

**LOCAL CIVIL RULES 11.2 AND 40.1 CERTIFICATION**

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify that this matter is related to *Takeda Pharmaceuticals U.S.A., Inc., et al. v. Lupin, Ltd., et al.*, Civil Action No. 25-12574 (RK)(TJB) (D.N.J.) because it involves the same plaintiffs, the same patents, and defendants seeking approval to market a generic version of the same drug product.

I further certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: September 30, 2026

By: s/ Charles M. Lizza
Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
650 College Road East, Suite 4000
Princeton, New Jersey 08540
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs Takeda Pharmaceuticals U.S.A., Inc. and ViroPharma Biologics LLC*

OF COUNSEL:
F. Dominic Cerrito
Angus Chen
Andrew Chalson
Catherine Mattes
Elizabeth Murphy
Carly Fein
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Avenue
New York, New York 10016